**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Julie Hanna, | Case No. 2:21-cv-00639-JCM-BNW |
| Plaintiff, | **ORDER re ECF No. 26** |
| v. | |
| K-Kel, Inc., | |
| Defendant. | |

Before the Court is Plaintiff's motion to amend her complaint. ECF No. 26. Defendant responded at ECF No. 31. Plaintiff replied at ECF No. 34. Because Defendant has not met its burden to show that amendment should be denied, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff's motion to amend follows Plaintiff's original complaint of sexual harassment and age discrimination against her employer, Spearmint Rhino, a Gentlemen's Club owned by Defendant K-Kel. ECF No. 26 at 2; ECF No. 31 at 2. Plaintiff's motion to amend seeks to add defendants Mark Broadhurst, Mike York, and Chase Swanson ("individual defendants") and bring a cause of action under NRS 41.690 against them and Defendant K-Kel. ECF No. 26 at 4-5. NRS 41.690 is a hate crime statute that allows victims of certain crimes to bring a civil suit to recover for their injuries. *See* Nev. Rev. Stat. § 41.690 (West).

K-Kel opposes Plaintiff's motion to amend, arguing that the proposed claims are futile for two primary reasons. *See* ECF No. 31. First, K-Kel argues that Plaintiff's proposed claims against the individual defendants and it are barred by the statute of limitations. *Id.* at 5-6. K-Kel further contends that Plaintiff's new claim does not relate back to the original complaint and therefore, as discussed in more detail below, cannot be timely. *Id.* at 6. Second, K-Kel argues that Plaintiff failed to state a claim against it under NRS § 41.690, as K-Kel (as opposed to the individual defendants) is not alleged to have committed any crimes against Plaintiff. *Id.* at 7-8.

1  Plaintiff counters that her claims are timely and that she has pled a plausible cause of
2  action under NRS § 41.690. ECF No. 34 at 4-9. Specifically, Plaintiff argues that there is no
3  statute of limitations for NRS 41.690, that her claims are timely under the parties' tolling
4  agreement, and that her claims relate back to the initial complaint. *Id.* at 4-8. Further, Plaintiff
5  argues that she can sue K-Kel under NRS § 41.690, as the individual defendants acted with the
6  authority delegated to them by K-Kel. *Id.* at 8-10.

## LEGAL STANDARD

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995.

Here, as explained below, K-Kel did not meet its burden to show that amendment should be denied. The Court evaluates Plaintiff's proposed claim under NRS § 41.690 against the individual defendants first, followed by K-Kel.

**I.      Defendant has not carried its burden to show that Plaintiff's claims are time barred.**

Time-barred claims are futile. *Bowles v. Reade*, 198 F.3d 752, 758–59 (9th Cir. 1999); *see also Hillcrest Invs., Ltd. v. Am. Borate Co.*, No. 215CV01613, 2016 WL 5796853, at *5 (D. Nev. Sept. 30, 2016). A claim may be time-barred if it is brought after the statute of limitations expires. *See id.*

### A. The statute of limitations for NRS 41.690 is three years.

Plaintiff attempts to bring a claim against the individual defendants under NRS § 41.690, which does not itself contain a statute of limitations. Nev. Rev. Stat. § 41.690 (West). The parties have not provided, nor has the Court located, any cases explaining what statute of limitations applies to NRS § 41.690.

NRS 11.190(3)(a), however, provides a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." The phrase "liability created by statute" means a liability that would not exist but for the statute or a cause of action that is created by statute. *Gonzalez v. Pac. Fruit Exp Co.*, 99 F. Supp. 1012, 1015 (D. Nev. 1951). Here, the cause of action Plaintiff seeks to bring is created by the statute (NRS 41.690). Accordingly, NRS 11.190(3)(a) provides a three-year statute of limitations for Plaintiff's claim under NRS 41.690.

The Court disagrees with K-Kel's argument that a two-year statute of limitations applies under NRS 11.190(4)(c), (e). ECF No. 31 at 5. Subsection (c) provides a two-year statute of limitations for "[a]n action for libel, slander, assault, battery, false imprisonment or seduction." Nev. Rev. Stat. § 11.190(4)(c) (West). Plaintiff's claim, however, is not an action for libel, slander, assault, battery, false imprisonment, or seduction. Rather, it is an action for a violation of NRS 41.690 (a hate crime statute that requires, as only one element of the cause of action, that an enumerated offense be committed). *See* ECF No. 26-2 at 23 (proposed complaint). Subsection (e) also provides a two-year statute of limitations for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another." Nev. Rev. Stat. § 11.190(4)(e) (West). However, Plaintiff's claim under NRS 41.690 is not limited to an action to recover damages for injuries to a person. Rather, NRS 41.690 allows a person who is the victim of a hate crime to recover "his or her actual damages" whether they are for injuries to a person or not. Nev. Rev. Stat. § 41.690 (West). And here, Plaintiff claims that her actual damages include pecuniary damages, including lost pay and benefits. ECF No. 26-2 at 24:1-5. Further, to the extent NRS 11.190(4)(c) or (e) could provide the statute of limitations for an action brought under NRS 41.690, a more specific statute (NRS 11.190(3)(a)) exists and takes precedence. *See*

*In re Border Infrastructure Env't Litig.*, 915 F.3d 1213, 1225 (9th Cir. 2019) (under the general/specific canon of statutory interpretation, the more specific statute takes precedence).

The Court also disagrees with Plaintiff that there is no statute of limitations for NRS 41.690, because none is included in the statute. ECF No. 34 at 7-8. As already discussed, NRS 11.190(3)(a) creates a three-year statute of limitation for causes of action created by statute. Nothing in NRS 41.690 exempts the cause of action it creates from this three-year statute of limitations. Additionally, elsewhere in Chapter 11 of the Nevada Revised Code, the Nevada Legislature specified when they intended for no statute of limitations to apply to a particular action. *See, e.g.,* Nev. Rev. Stat. Ann. § 11.290 (West) ("Except as otherwise provided in subsection 5 of NRS 104.3118, to actions brought to recover money or other property deposited with any bank, credit union, banker, trust company or savings and loan society, there is no limitation."). Accordingly, the Court is unpersuaded that the Nevada Legislature intended for no statute of limitations to apply to NRS 41.690.

**B.    The statute of limitations had run when Plaintiff filed her amended complaint against the individual defendants.**

Plaintiff alleges that she left her job (where her causes of action arose) on February 22, 2016. ECF No. 26-2 at 3. Plaintiff moved to amend her complaint to add the individual defendants on September 2, 2021. ECF No. 26. Accordingly, the three-year statute of limitations had run.

Plaintiff argues in her motion to amend that she entered into a tolling agreement that tolled the statute of limitations for K-Kel and the individual defendants. ECF No. 34 at 4 ("The tolling agreement signed by Plaintiff and Defendant K-Kel, Inc. is broadly phrased to toll the statutes of limitations for <u>all</u> of Plaintiff's claims."). K-Kel argues that the tolling agreement was only between Plaintiff and K-Kel and is thus inapplicable to the individual defendants. ECF No. 31 at 6.

Here, Plaintiff did not plead that the tolling agreement applied to the individual defendants, and "federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations" must plead the factual allegations that would allow the plaintiff to later prove that the

statute was tolled. *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss."). Regarding the tolling agreement, Plaintiff pled that

> On February 13, 2019, [Plaintiff] *and Defendant K-KEL, Inc.* entered into a Tolling Agreement which tolled the deadline for filing her complaint such that "any complaint filed by [her] *against Spearmint Rhino* in court or any arbitration will be deemed filed as of the Effective Date [of the Tolling Agreement] for purposes of any defenses relating to time, including laches."

ECF No. 26-2 at 7 (emphasis added). Plaintiff did not plead any facts suggesting that the tolling agreement applied to the individual defendants. *See* ECF No. 26-2. Accordingly, as currently drafted, the proposed amended complaint does not allege that the tolling agreement applied to the individual defendants, and the Court cannot find that it does for purposes of deciding Plaintiff's motion to amend.[1]

### C. K-Kel has not demonstrated that the claims against the individual defendants do not relate back.

Defendant also argues that Plaintiff's new claim does not relate back because it involves different factual allegations and different defenses. ECF No. 31 at 6.

Federal Rule of Civil Procedure 15(c) governs the relation back of amendments. Rule 15(c) provides

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the

---

[1] The Court expresses no opinion on whether Plaintiff could later plead in good faith that the tolling agreement was broad enough to cover the individual defendants. The Court is simply acknowledging that to date, Plaintiff has not pled that the tolling agreement applied to the individual defendants.

       period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

      Here, K-Kel did not carry its burden to show that Plaintiff's claim does not relate back to the filing of her original complaint. Defendant's only argument that Plaintiff's claim does not relate back is that Plaintiff's claim "involve[s] different factual allegations that require the preparation of a substantially different defense that does not relate back." ECF No. 31 at 6. The Court disagrees that Plaintiff's proposed amended complaint involves different factual allegations. Indeed, Plaintiff's proposed amended complaint alleges substantially the same facts as her original complaint and arises out of the same conduct, transactions, and occurrences as the original complaint. *See* ECF Nos 1-3 (original complaint); 26-2 (proposed amended complaint); ECF No. 34 at 5 (the amended complaint alleges "no additional facts" but rather only adds count three). Accordingly, Defendant K-Kel has not shown that Plaintiff's proposed amended complaint against the individual defendants does not relate back, and the Court will allow it to proceed at this time.[2]

      **D.**    **Plaintiff's new claim against K-Kel relates back.**

      As discussed above, K-Kel argued that a two-year statute of limitations applied to Plaintiff's claim under NRS 41.690, that the claim was untimely, and that the claim does not relate back because it involves different factual allegations. *See* ECF No. 31.

      As discussed above, the Court concludes that a three-year (rather than two-year) statute of limitations applies to claims under NRS 41.690. Still, whether the statute of limitations ran on Plaintiff's claim under NRS 41.690 against K-Kel is not a simple question.[3] However, regardless

---

[2] The Court declines to create other arguments for K-Kel regarding why the proposed amended complaint may or may not relate back. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (courts do not manufacturer arguments for parties).

[3] Plaintiff alleged that she left her employment (where her claim arose) on February 22, 2016. *See* ECF No. 26-2 at 3. She also alleged that she entered into a tolling agreement with K-Kel "which tolled the deadline for filing her complaint such that 'any complaint filed by [her] against Spearmint Rhino in court or any arbitration will be deemed

1  of whether the statute of limitations ran before Plaintiff filed her amended complaint, Plaintiff's
2  claim against K-Kel relates back to the original complaint. As discussed above, Plaintiff's claim
3  against K-Kel arises "out of the conduct, transaction, or occurrence set out—or attempted to be
4  set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(B). As such, the claim is not time-
5  barred and thus not futile.

6  **II.      K-Kel has not carried its burden to show that Plaintiff failed to state a claim against it.**

8  K-Kel argues that Plaintiff failed to state a claim under NRS 41.690 against it. ECF No.
9  31 at 7-8. K-Kel asserts, without citation to authority, that Plaintiff is required to prove that "K-
10 Kel was a perpetrator of a crime under the statute," but she has not alleged that K-Kel perpetrated
11 any of the crimes against her. *Id.* at 8. K-Kel also argues that Plaintiff failed to allege that K-Kel
12 willfully violated the law. *Id.* In other words, K-Kel's argument that Plaintiff failed to state a
13 claim against it under NRS 41.690 relies on the idea that only the "perpetrator" of the crime can
14 be sued under NRS 41.690. *See id.* at 7-8.

15 NRS 41.690 provides, in relevant part, that

16 > A person who has suffered injury as the proximate result of the willful violation of [certain enumerated statutes] by a perpetrator who was motivated by the injured person's actual or perceived . . . gender identity or expression may bring an action for the recovery of his or her actual damages and any punitive damages which the facts may warrant.

19 Nev. Rev. Stat. Ann. § 41.690 (West).

20 Having reviewed NRS 41.690, it is unclear to the Court whether a person may only sue a
21 perpetrator who willfully violated one of the enumerated statutes or whether other people or
22 entities may also be sued under the statute. K-Kel did not present any authority regarding who
23 may be sued under NRS 41.690. *See* ECF No. 31. Nor did K-Kel engage in any statutory
24 interpretation to show why NRS 41.690 should be construed to only allow suits against the
25 "perpetrator." *See id.* In the absence of any authority or statutory interpretation, the Court declines

---

filed as of [February 13, 2019] for purposes of any defenses relating to time, including laches.'" *Id.* at 7. She filed her original complaint on March 8, 2021 (ECF No. 1-3 at 2) and her amended complaint on September 2, 2021 (ECF No. 26-2).

to create this argument for K-Kel. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (a bare assertion of an issue is not enough; courts do not manufacturer arguments for parties).

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 26) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and file Plaintiff's amended complaint (ECF No. 26-2) on the docket.

DATED: January 20, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE